On Rehearing.
LAND, J.
Relator and defendant have both filed petitions for a rehearing of this cause.
Relator contends that his salary as auditor should be fixed at $100 per month. Defendant contends that the relator’s salary should remain at $25 per month, as fixed by the city council.
Mr. Rives, who has been comptroller of the city of Shreveport a number of years, was called by defendant, and testified that the budget for 1909 contained an appropriation of $900 per annum for the auditor. This amount was subsequently reduced by action of the city council to $300 per annum. The original budget was adopted by unanimous vote on February 4, 1909. On February 9, 1909, the auditor’s salary was reduced to $300 by a vote of eight to six. An amendment proposed, that the salary be fixed at $75 per month, was voted down. No member of the city council moved that the salary of the auditor be fixed at a greater amount. There is nothing in the record to show that the relator protested against the fixing of the salary at $75 per month as per proposed budget of December 8, 1908. In fact, all the members of the city council voted for the original budget; and relator made no complaint until it was proposed to reduce the salary from $900 to $300. Mr. Rives, with practical knowledge of the duties required of relator as auditor, testified that $900 per annum was a reasonable compensation, considering the nature of the services and the financial condition of the city of Shreveport, *193 and that be believed that the office could be filled for that salary. This was the common opinion of the members of the city council when the budget was adopted, and we do not think that the relator has any good grounds to complain of the court’s adoption of $900 per annum as a minimum reasonable compensation for the services required of the auditor .of the city of Shreveport. Such services may be worth more, but any amount above the minimum is a matter of discretion.
On the other hand, not a single witness in the case testified that $25 per month was a reasonable compensation for the services of relator as auditor, or that any person at all competent could be procured to fill the office at a salary less than $75 per month.
The manifest intent of a majority of the city council was to dispense with the services of an auditor; but, finding that this could not be done legally under the city charter, the same majority resorted to the device of fixing the salary so low that the relator could not afford to keep the office.
The authorities cited in our original opinion justify the interposition of the courts in cases where it is manifest that the municipal authorities have sought, either directly or indirectly, to abolish a statutory office or to starve out the incumbent.
Eehearing refused.